UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

# 23-20476-CR-WILLIAMS/GOODMAN

Case No. _____

15 U.S.C. § 78dd-3
18 U.S.C. § 371
18 U.S.C. § 981(a)(1)(C)



FILED BY ___MP___ D.C.

Dec 13, 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**UNITED STATES OF AMERICA**

vs.

**TRAFIGURA BEHEER B.V.,**

       Defendant.

_____/

## INFORMATION

The United States charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Information:

*Relevant Statutory Background*

1. The Foreign Corrupt Practices Act of 1977, as amended, Title 15, United States Code, Sections 78dd-1, *et seq.* ("FCPA"), was enacted by Congress for the purpose of, among other things, making it unlawful to act corruptly in furtherance of an offer, promise, authorization, or payment of money or anything of value, directly or indirectly, to a foreign government official for the purpose of influencing the foreign official, inducing the foreign official to take or omit certain acts, and securing an improper advantage in order to assist those classes of persons in obtaining or retaining business for, or directing business to, any person.

*The Defendant*

2. Defendant **TRAFIGURA BEHEER B.V.** was a Dutch-registered company with its principal place of business in Switzerland. **TRAFIGURA BEHEER B.V.**, together with its subsidiaries and affiliated entities, operated as one of the largest oil distributors and energy commodities trading groups in the world.

*Relevant Entities and Individuals*

3. Trafigura Pte. Ltd. ("Trafigura Singapore") was a Singaporean-registered company based in Singapore and a subsidiary of **TRAFIGURA BEHEER B.V.** Trafigura Singapore and its employees were agents of **TRAFIGURA BEHEER B.V.**, as that term is used in the FCPA, Title 15, United States Code, Section 78dd-3(a).

4. "Trafigura Executive 1," an individual whose identity is known to the United States, was a French citizen. Trafigura Executive 1 was a high-level executive at **TRAFIGURA BEHEER B.V.** who exercised substantial control over **TRAFIGURA BEHEER B.V.** and its subsidiaries and affiliated entities until in or around 2015. Trafigura Executive 1 was an officer, agent, and stockholder of **TRAFIGURA BEHEER B.V.**, as those terms are used in the FCPA, Title 15, United States Code, Section 78dd-3(a).

5. "Trafigura Executive 2," an individual whose identity is known to the United States, was a Brazilian citizen. Trafigura Executive 2 was an agent and executive of **TRAFIGURA BEHEER B.V.** and several of its subsidiaries. From in or around 2009 to 2015, Trafigura Executive 2 was directly supervised by Trafigura Executive 1. Trafigura Executive 2 was an officer, agent, and stockholder of **TRAFIGURA BEHEER B.V.**, as those terms are used in the FCPA, Title 15, United States Code, Section 78dd-3(a).

6. Petróleo Brasileiro S.A. – Petrobras (together with its subsidiaries and affiliates, "Petrobras") was a Brazilian state-owned and state-controlled oil company headquartered in Rio de Janeiro, Brazil, that operated to refine, produce, and distribute oil, oil products, gas, biofuels and energy. Petrobras was controlled by Brazil and performed government functions and was an agency and instrumentality of a foreign government, and Petrobras's officers and employees were foreign officials, as those terms are used in the FCPA, Title 15, United States Code, Section 78dd-3(f)(2)(A).

7. "Co-Conspirator 1," an individual whose identity is known to the United States, was a citizen of Brazil and the United States. From the early 2000s until in or around 2008, Co-Conspirator 1 was a Petrobras trader based in Houston, Texas, and a foreign official as that term is used in the Foreign Corrupt Practices Act ("FCPA"), Title 15, United States Code, Section 78dd-3(f)(2)(A). From approximately 2010 until 2015, Co-Conspirator 1 was an employee of **TRAFIGURA BEHEER B.V.**'s Brazilian subsidiary, was directly supervised by Trafigura Executive 2, and was an agent of **TRAFIGURA BEHEER B.V.**, as that term is used in the FCPA, Title 15, United States Code, Section 78dd-3(a).

8. "Co-Conspirator 2," an individual whose identity is known to the United States, was a Brazilian citizen and an agent of **TRAFIGURA BEHEER B.V.** and Trafigura Singapore, as that term is used in the FCPA, Title 15, United States Code, Section 78dd-3(a).

9. "Co-Conspirator 3," an individual whose identity is known to the United States, was a Brazilian illicit-market money dealer who, among other things, used foreign exchange transactions to convert wire transfers made in U.S. dollars and other non-Brazilian currencies into Brazilian currency to be delivered in cash in Brazil.

10. Rodrigo Berkowitz ("Berkowitz"), a Brazilian citizen, was a fuel oil trader for Petrobras who worked in Rio de Janeiro, Brazil, and Houston, Texas. Berkowitz was a foreign official, as that term is used in the FCPA, Title 15, United States Code, Section 78dd-3(f)(2)(A).

11. "Brazilian Official 1," an individual whose identity is known to the United States, was a Brazilian citizen and trading manager for Petrobras in Rio de Janeiro, Brazil. Brazilian Official 1 was a foreign official, as that term is used in the FCPA, Title 15, United States Code, Section 78dd-3(f)(2)(A).

12. "Brazilian Official 2," an individual whose identity is known to the United States, was a Brazilian citizen and trading manager for Petrobras in Rio de Janeiro, Brazil. Brazilian Official 2 was a foreign official, as that term is used in the FCPA, Title 15, United States Code, Section 78dd-3(f)(2)(A).

13. "Brazilian Official 3," an individual whose identity is known to the United States, was a Brazilian citizen and trading manager for Petrobras in Rio de Janeiro, Brazil. Brazilian Official 3 was a foreign official, as that term is used in the FCPA, Title 15, United States Code, Section 78dd-3(f)(2)(A).

14. "Brazilian Official 4," an individual whose identity is known to the United States, was a Brazilian citizen and trading manager for Petrobras in Rio de Janeiro, Brazil. Brazilian Official 4 was a foreign official, as that term is used in the FCPA, Title 15, United States Code, Section 78dd-3(f)(2)(A).

## Conspiracy to Violate the Foreign Corrupt Practices Act
### (18 U.S.C. § 371)

15. From in or around 2003, and continuing through in or around 2014, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**TRAFIGURA BEHEER B.V.,**

did knowingly and willfully, that is, with the intent to further the object of the conspiracy, combine, conspire, confederate, and agree with Trafigura Executive 1, Trafigura Executive 2, Co-Conspirator 1, Co-Conspirator 2, Co-Conspirator 3, and others known and unknown to the United States, to commit an offense against the United States, that is, while in the territory of the United States, to corruptly make use of the mails and any means and instrumentalities of interstate commerce and to do any other act in furtherance of an offer, payment, promise to pay, and authorization of the payment of any money, offer, gift, promise to give, and authorization of the giving of anything of value, to a foreign official, and to a person, while knowing that all or a portion of such money and thing of value would be and had been offered, given, and promised to a foreign official, for purposes of: (i) influencing acts and decisions of such foreign official in his or her official capacity; (ii) inducing such foreign official to do and omit to do acts in violation of the lawful duty of such official; (iii) securing an improper advantage; and (iv) inducing such foreign official to use his or her influence with a foreign government and agencies and instrumentalities thereof to affect and influence acts and decisions of such government and agencies and instrumentalities, in order to assist **TRAFIGURA BEHEER B.V.** in securing improper advantages and obtaining and retaining business for and with, and directing business to, **TRAFIGURA BEHEER B.V.** and others, in violation of Title 15, United States Code, Section 78dd-3.

## PURPOSE OF THE CONSPIRACY

16. It was the purpose of the conspiracy for **TRAFIGURA BEHEER B.V.** and its co-conspirators to unjustly enrich themselves by, among other things, making corrupt payments to Brazilian government officials, including Berkowitz, Brazilian Official 1, Brazilian Official 2, Brazilian Official 3, and Brazilian Official 4, in order to secure improper advantages and to obtain and retain business with Petrobras for **TRAFIGURA BEHEER B.V.** and its co-conspirators.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which **TRAFIGURA BEHEER B.V.** and its co-conspirators sought to accomplish the purpose of the conspiracy included, among others, the following:

17. **TRAFIGURA BEHEER B.V.** and its co-conspirators, including Trafigura Executive 1, Trafigura Executive 2, Co-Conspirator 1, Co-Conspirator 2, and Co-Conspirator 3, agreed to pay bribes to Petrobras officials, including Berkowitz, Brazilian Official 1, Brazilian Official 2, Brazilian Official 3, and Brazilian Official 4.

18. Beginning in 2009, **TRAFIGURA BEHEER B.V.** and its co-conspirators agreed to make bribe payments of up to 20 cents per barrel of oil products bought from or sold to Petrobras by **TRAFIGURA BEHEER B.V.** and its subsidiaries and affiliated entities, and to conceal the bribe payments through the use of shell companies.

19. **TRAFIGURA BEHEER B.V.** and its co-conspirators, including Trafigura Executive 2, directed Co-Conspirator 1 to deliver bribe payments on behalf of Trafigura Group and to meet with Petrobras officials to pay the bribes in cash.

20. Beginning in or around 2012, **TRAFIGUA BEHEER B.V.**, acting through Trafigura Executive 2, began paying bribes to Petrobras officials through Co-Conspirator 2 and Co-Conspirator 3, who, among other things, used foreign exchange transactions to convert wire

transfers made in U.S. dollars and other non-Brazilian currencies into Brazilian currency to be delivered in cash in Brazil to Petrobras officials.

## OVERT ACTS

In furtherance of the conspiracy, and to accomplish the purpose thereof, **TRAFIGURA BEHEER B.V.** and its co-conspirators committed and caused to be committed, in the Southern District of Florida, and elsewhere, at least one of the following overt acts, among others:

1. On or about October 23, 2011, Co-Conspirator 1, acting for and on behalf of **TRAFIGURA BEHEER B.V.**, arrived at Miami International Airport in the Southern District of Florida.

2. On or about October 24, 2011, Co-Conspirator 1, acting for and on behalf of **TRAFIGURA BEHEER B.V.**, met at a conference in Miami Beach, Florida, with Berkowitz, Brazilian Official 3, Brazilian Official 4, and others, and agreed that **TRAFIGURA BEHEER B.V.** would continue to pay bribes on a per-barrel basis to Petrobras officials.

3. On or about February 7, 2014, Trafigura Executive 2 forwarded an email to Co-Conspirator 2 with the subject line "PB 2013" with information about the volumes of fuel oil that were part of Petrobras deals with a **TRAFIGURA BEHEER B.V.** subsidiary. At the bottom of the email, the total volume was multiplied by .24 for a total of 390,240. In the email, Trafigura Executive 2 had added, in Portuguese and in sum and substance, "[Co-Conspirator 2] this is correct, please send an invoice."

4. On or about February 7, 2014, Co-Conspirator 2 sent an email to Trafigura Executive 2 attaching an invoice for $390,240 for purported "consulting services related to development of Oil businesses."

5. On or about February 10, 2014, Co-Conspirator 3 sent Co-Conspirator 2 an invoice for $390,240 from a Hong Kong company for purported "consulting services for prospection, purchase and logistic procedures for floor and wall tiles from Brazil."

6. On or about February 12, 2014, Trafigura Singapore, for the benefit and on behalf of **TRAFIGURA BEHEER B.V.**, paid the Euro equivalent of approximately $390,240 to Co-Conspirator 2.

7. On or about February 17, 2014, Co-Conspirator 2 transferred $390,240 to a Hong Kong bank account in the name of a Hong Kong company through a financial institution in the United States, for the ultimate benefit of Petrobras officials.

All in violation of Title 18, United States Code, Section 371.

## FORFEITURE ALLEGATIONS

1. The allegations contained in this Information are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of certain property in which the defendant, **TRAFIGURA BEHEER B.V.**, has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 371, a conspiracy to violate Title 15, United States Code, Section 78dd-3, as alleged in this Information, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

3. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

  c.  has been placed beyond the jurisdiction of the Court;

  d.  has been substantially diminished in value; or

  e.  has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to the forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and the procedures set forth at Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

GLENN S. LEON
CHIEF, FRAUD SECTION
CRIMINAL DIVISION
U.S. DEPARTMENT OF JUSTICE

NATALIE R. KANERVA
CLAYTON P. SOLOMON
TRIAL ATTORNEYS
DEREK J. ETTINGER
JONATHAN P. ROBELL
ASSISTANT CHIEFS

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

ELI S. RUBIN
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**UNITED STATES OF AMERICA**

v.

TRAFIGURA BEHEER B.V.,

_____ /
Defendant.

**Court Division** (select one)
- ☒ Miami
- ☐ Key West
- ☐ FTP
- ☐ FTL
- ☐ WPB

**CASE NO.:** _____

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of counts _____

I do hereby certify that:
1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.
3. Interpreter: (Yes or No) No
   List language and/or dialect: _____
4. This case will take __0__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:
   (Check only one)
   - I   ☒ 0 to 5 days
   - II  ☐ 6 to 10 days
   - III ☐ 11 to 20 days
   - IV  ☐ 21 to 60 days
   - V   ☐ 61 days and over

   (Check only one)
   - ☐ Petty
   - ☐ Minor
   - ☐ Misdemeanor
   - ☒ Felony

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No
15. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

By: *Eli S. Rubin* (signature)

Eli S. Rubin
Assistant United States Attorney
Court ID No.   A5502535

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name**: <u>TRAFIGURA BEHEER B.V,</u>

**Case No**:<u>                                                    </u>

Count #: 1

<u>Conspiracy to Violate the Foreign Corrupt Practices Act</u>

<u>Title 18, United States Code, Section 371</u>
* **Max. Term of Imprisonment: N/A**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: N/A**
* **Max. Fine: $500,000 or twice the amount of the financial gain or loss.**

*Refers only to possible term of incarceration, supervised release and fines.  It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No. |
| Trafigura Beheer B.V. ) | **23-20476-CR-WILLIAMS/GOODMAN** |
| ) | |
| Defendant ) | |

## WAIVER OF AN INDICTMENT

I understand that Trafigura Beheer B.V. has been accused of one or more offenses punishable by imprisonment for more than one year. Having been advised of Trafigura Beheer B.V.'s rights and the nature of the proposed charges against the company, Trafigura Beheer B.V. waives its right to prosecution by indictment and consents to prosecution by information.

Date: 12/20/2023

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

David A. O'Neil
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*